IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERMAINE SHAW, #B-01886, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-01112-SMY ) |
| LT. BUCHNER and C/O MITCHELL, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Germaine Shaw, an inmate who is currently incarcerated at Western Illinois Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 against two officials at Lawrence Correctional Center who allegedly failed to protect him from a known risk of assault by his cellmate in November 2014 (Doc. 1, pp. 1-5). In connection with this claim, Plaintiff seeks monetary damages against the two defendants (Doc. 1, p. 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive § 1915A review under this standard and shall be dismissed.

## The Complaint

During his incarceration at Lawrence Correctional Center ("Lawrence") in November 2014, Plaintiff requested a housing transfer (Doc. 1, p. 5). Plaintiff explained that he did not get along with his cellmate (*i.e.*, Inmate Gause) and that he wished to avoid an altercation. In response to his request, Plaintiff was moved from Building R-1-B Upper 22 to Building R-1-C Lower 16. Two days later, Plaintiff learned that he would be transferred back to Building R-1-B Upper 22, where he would again be housed with Inmate Gause (*id*.).

Plaintiff objected to the transfer. He explained that he suffers from a mental illness and that there would be "trouble" if Inmate Gause "did or said anything to disrespect or offend

[Plaintiff]" (*id*.). After Plaintiff was told that he would be placed in segregation for rejecting the housing assignment, he reluctantly agreed to move back into the same cell with Inmate Gause. Soon thereafter, Plaintiff and Inmate Gause were involved in an altercation. The Complaint offers no details regarding the events leading up to the fight or the fight itself. However, Plaintiff alleges that both inmates were injured and required medical treatment (*id*.).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1:** **Defendants failed to protect Plaintiff from a known risk of harm in violation of the Eighth Amendment when they forced Plaintiff to share a cell with Inmate Gause in November 2014.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

Prison officials have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the prison official who is responsible for the inmate's safety. *Farmer,* 511 U.S. at 834. In order to state a claim based on the failure to protect an inmate, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted with deliberate indifference to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a

specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff's claim fails to pass muster under § 1915A. Neither defendant is mentioned in the statement of claim (Doc. 1, p. 5). Plaintiff does not even refer to "Defendants" in general. Instead, he repeatedly uses "they" when referring to the prison officials who made the decision to move him back into the same cell with Inmate Gause. The Court does not know who "they" are because Plaintiff failed to properly identify them in his statement of claim.

Liability under § 1983 hinges on personal participation in a constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citation omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Naming an individual in the case caption does not demonstrate that individual's personal participation in a constitutional violation.

The reason plaintiffs are required to associate specific defendants with specific claims is so defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, where a plaintiff has not identified a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Absent any

allegations against a particular defendant, the Court is unable to analyze the claims against that individual defendant and the defendant is unable to answer the Complaint.

Additionally, Plaintiff provides no information about the altercation that occurred in November 2014. He does not describe the events leading up to the fight, reveal who initiated it, describe any additional efforts on his part to put either defendant on notice of the impending fight or explain how Plaintiff and/or his cellmate were injured as a result.

Because Plaintiff has not named anyone other than himself and Inmate Gause in the statement of claim and has failed to set forth basic details regarding the events that led to the altercation with his cellmate, he has failed to state a claim upon which relief may be granted. For these reasons, the Complaint cannot proceed, and it shall be dismissed. However, the dismissal will be without prejudice and Plaintiff will have an opportunity to file a First Amended Complaint if he wishes to proceed with his claim against Defendants Buchner and Mitchell.

## Pending Motions

1. **IFP Motion (Doc. 2)**

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). The motion will be addressed in a separate court order.

2. **Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED without prejudice**. In his motion, Plaintiff indicates that he took no steps to retain counsel on his own before seeking the Court's assistance in recruiting counsel to represent him. Plaintiff must attempt to contact counsel and include proof of his efforts before this Court will again consider a similar motion. In the meantime, Plaintiff has demonstrated an ability to handle litigation of this matter on his own. His Complaint (Doc. 1) includes a coherent statement of

claim that merely lacks the names of the specific individual defendants who failed to protect Plaintiff and requires further factual development. Nevertheless, he has demonstrated an ability to draft coherent pleadings and his claim is straightforward. By all indications, Plaintiff is capable of proceeding *pro se* at this time.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **BUCHNER** and **MITCHELL** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint in *this* case, if he wishes to pursue a failure to protect claim against the defendants. The First Amended Complaint is due **on or before November 30, 2016.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-1112-SMY). Plaintiff must present each claim in a separate count (if he includes more than one claim), and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify

the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his First Amended Complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2016**

**s/ STACI M. YANDLE**
**U.S. District Judge**
