IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERMAINE SHAW, #B-01886, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-01112-SMY |
| LT. BUCHNER, C/O MITCHELL and IDOC, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the Second Amended Complaint filed by Plaintiff Germaine Shaw, an inmate who is currently incarcerated at Western Illinois Correctional Center. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against two officials at Lawrence Correctional Center ("Lawrence") who he claims failed to protect him from a known risk of assault by his cellmate in November 2014. He also names the Illinois Department of Corrections ("IDOC") in connection with this claim. Plaintiff seeks declaratory judgment and monetary relief.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>(1) is frivolous, malicious, or fails to state a claim on which relief
>may be granted; or
>(2) seeks monetary relief from a defendant who is immune from
>such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Second Amended Complaint

During his incarceration at Lawrence, Plaintiff alleges that he was involved in several verbal altercations with his cellmate, Inmate Gause. At the time, the two inmates were housed in Unit R1B-U-22. After C/O Mitchell witnessed one of these altercations, Plaintiff was moved to Unit R1C-L-16, a different wing of the same housing unit.

Without any explanation, on November 12, 2014, the prison's placement office moved Plaintiff back to Unit R1B-U-22. Plaintiff immediately informed Lieutenant Buchner and C/O Mitchell that he and Inmate Gause had a long history of conflict and were separated from one another because they could not get along. Plaintiff also explained that he suffers from a mental illness that makes him more prone to physical violence. He requested placement in a different cell because he feared that a physical altercation would ensue if he was again housed with Inmate Gause. Lieutenant Buchner and C/O Mitchell ignored Plaintiff and placed him in the same cell

with Inmate Gause. Later that day, Inmate Gause pulled Plaintiff from the top bunk, injuring Plaintiff's back and elbow. Plaintiff "then defended himself." The two inmates were involved in a physical altercation.

Plaintiff maintains that the incident could have been avoided, but that Lieutenant Buchner and C/O Mitchell ignored Plaintiff's warnings and his request to be separated from Inmate Gause. Plaintiff further asserts that decision to return Plaintiff to a cell with Inmate Gause amounted to cruel and unusual punishment under the Eighth Amendment.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Second Amended Complaint into the following count:

> **Count 1 -** Defendants failed to protect Plaintiff from a known risk of harm in violation of the Eighth Amendment when they forced him to share a cell with Inmate Gause in November 2014.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

Prison officials have a duty to protect inmates from violence at the hands of other inmates, and their failure to do so may give rise to a claim under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order to state a failure to protect claim, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted with deliberate indifference to that danger. *Farmer*, 511 U.S. at 834; *Pinkston*,

440 F.3d at 889. The plaintiff must establish that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff's Second Amended Complaint states a viable claim against Lieutenant Buchner and C/O Mitchell under this standard. According to the allegations, Plaintiff put both defendants on notice that he and Inmate Gause could not be safely housed together. He provided both defendants with specific reasons why the two inmates should be separated. Lieutenant Buchner and C/O Mitchell ignored Plaintiff, and a physical altercation followed hours later. Accordingly, Count 1 shall receive further review against both of these defendants.

However, the Second Amended Complaint states no claim against the IDOC. This defendant is not mentioned in the statement of claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Moreover, Plaintiff cannot pursue a claim for money damages against this state government agency. The Eleventh Amendment bars suits for money damages against states in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Therefore, Count 1 will be dismissed with prejudice against the IDOC and this defendant shall be terminated as a party to this action.

## Pending Motions

**1.      Second IFP Motion (Doc. 13)**

Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis* (Doc. 13) is **DENIED** as **MOOT**. Plaintiff filed the Second IFP Motion more than a month after the Court granted his original IFP Motion. (*See* Docs. 2, 9).

**2.     Second Motion for Recruitment of Counsel (Doc. 14)**

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 14) shall be **REFERRED** to United States Magistrate Judge **Reona J. Daly** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** for failure to state a claim upon which relief may be granted and because the Eleventh Amendment bars suits for money damages against states in federal court. *Wynn*, 251 F.3d at 592. The Clerk is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **LIEUTENANT BUCHNER** and **C/O MITCHELL**. With regard to **COUNT 1,** the Clerk of Court shall prepare for Defendants **LIEUTENANT BUCHNER** and **C/O MITCHELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings including a decision on the Second Motion for Recruitment of Counsel (Doc. 14), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 6, 2017**

    <u>s/ STACI M. YANDLE</u>
    **Honorable Staci M. Yandle**
    **United States District Judge**