## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERMAINE SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CV-1112-SMY-RJD |
| | ) | |
| LT. BUCHNER AND C/O MICHELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 55), recommending that the Court grant Defendants' motions for summary judgment on the issue of exhaustion (Docs. 46). Plaintiff filed an untimely objection (Doc. 56)[1]. For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

## BACKGROUND

Plaintiff Germaine Shaw, an inmate at Western Illinois Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights. Defendants moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly conducted an evidentiary hearing on Defendants' motion.

Judge Daly considered the four grievances in the record before the Court. In the first one, dated October 31, 2014, Plaintiff claimed he had a cell mate that he had previously "got into it"

---

[1] Plaintiff's objection was filed on May 24, 2018, twenty-two days after the R&R was filed.

with. The counselor responded to the grievance on November 5, 2014, and the grievance officer recommended that it be denied on March 12, 2015. The warden agreed on March 17, 2015. Plaintiff appealed to the Administrative Review Board, and his appeal was denied on September 4, 2015. The IDOC director agreed on September 10, 2015. There is no evidence of any further action with regard to this grievance.

Plaintiff's grievance dated December 16, 2014, pertains to his claim that he filed an emergency grievance on November 12, 2014, after being attacked by his cellmate and coughing up blood. Plaintiff complained that he should not have been celled with this inmate and indicated that there must have been a breach in security. Plaintiff's counselor responded to the grievance on December 18, 2014, stating there was no record of the November 12, 2014, grievance. The grievance officer recommended a denial on March 12, 2015. Plaintiff appealed the grievance to the Administrative Review Board, and his appeal was denied on September 4, 2015. The IDOC director agreed on September 10, 2015. There is no evidence of any further action with regard to this grievance.

Judge Daly also considered Plaintiff's January 6, 2015, grievance in which Plaintiff explained that he was involved in an altercation with his cellmate, on November 12, 2014. Plaintiff again complained that he should not have been placed in a cell with inmate Gause because they were previously celled together and had issues. Plaintiff described the altercation between them and the injuries he suffered to his back and elbow. The counselor responded on January 7, 2015, the grievance officer recommended that the grievance be denied on May 6, 2015, and the warden concurred on May 12, 2015. Plaintiff appealed this grievance to the ARB and it was denied on January 4, 2016. The IDOC Director agreed on January 6, 2016.

Finally, Judge Daly examined a grievance dated July 19, 2016, in which Plaintiff discussed the altercation that occurred in November 2014.  In this grievance, Plaintiff asserts that prior to being placed in a cell with inmate Gause, he told the "bubble c/o" that it was not a good idea to place him with Gause because they did not get along.  The C/O insisted that he move into the cell or go to segregation for refusing housing.  Plaintiff submitted this grievance directly to the ARB and the ARB denied it on July 29, 2016, because it was not submitted in the appropriate timeframe.  There is no evidence of any further action with regard to this grievance.

Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court, which sets forth the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process.  Judge Daly found that Plaintiff's testimony was not credible because he provided conflicting testimony, and concluded that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

## DISCUSSION

Where neither timely nor specific objections to the R&R are made, this Court need not conduct a *de novo* review.  *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the R&R for clear error.  *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999).  The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Here, Plaintiff filed general objections to the R&R, merely reiterating the arguments he made at the *Pavey* hearing and in his previous filings with the Court.  The objections were also untimely as they were due on or before May 17, 2018, and were filed May 24, 2018.[2]  Therefore, the Court will review the R&R for clear error.

---

[2] Defendants Motion to Strike the Objection to the Report and Recommendations (Doc. 58) as untimely is **GRANTED**.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). In that vein, pursuant to the Illinois Administrative Code, grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the

subject of or who is otherwise involved in the complaint. ILCS § 504.810(b).

It is apparent that Plaintiff's grievances dated October 31, 2014, and December 16, 2014 and January 6, 2015, did not contain the appropriate information. Plaintiff failed to identify or mention defendants in the grievances. Plaintiff also failed to indicate that he complained about his cell placement to any of the officers or lieutenants, or asked for a different cell assignment.

Judge Daly also found Plaintiff failed to exhaust the administrative review process for his July 19, 2016 grievance, as he submitted it beyond the timeframe allowed under the Illinois Administrative Code. In particular, § 504.810 dictates that a grievance *must* be filed within 60 days after the discovery of the incident, occurrence or problem giving rise to the grievance.

During *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses. *See Pavey*, 663 F.3d at 904. Indeed, Magistrate Judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995).

During the hearing, Plaintiff testified that he did not identify the defendants by name in his grievances because their names were unknown at the time. He also initially testified that he

only submitted four grievances, but later testified that prior to his January 2015 grievance, he filed an emergency grievance in which he identified the defendants, but never received a response. Judge Daly did not find Plaintiff's conflicting testimony to be credible, and the Court finds no reason in the record to second-guess her credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

The Court finds Judge Daly's factual findings and rationale to be sound, and adopts her Report and Recommendation (Doc. 55) in its entirety. Accordingly, this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:  June 22, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**